IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TRAVIS TIDWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. _____ |
| RYAN UPCHURCH, professionally known as UPCHURCH, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Travis Tidwell ("Plaintiff" or "Tidwell") files this action against Defendant Ryan Upchurch ("Defendant" or "Upchurch"), professionally known as Upchurch, to protect his valuable intellectual property rights and for unjust enrichment for Defendant's failure to adequately compensate him for the exploitation of his intellectual property.

## OVERVIEW

Defendant Upchurch is a recording artist and entertainer, primarily in the country-rap and rock-rap genres. Upchurch initially gained notoriety through YouTube, Facebook, and other social media outlets. Known for his candor and sense of humor, Upchurch has garnered a substantial online following where his videos reach millions of viewers. Upchurch's viral videos, as discussed below, also reflect a darker side to the artist, often displaying his temper, immaturity, and lack of professionalism. Beginning in 2016, Upchurch pivoted his career to focus on becoming a recording artist. Since then, Upchurch has released ten studio albums, with several reaching the top 30 on Billboard's Top Country album charts.

1

Tidwell is a professional, musician, recording artist, songwriter, and guitarist. Until late-2019, Tidwell performed as the lead guitarist for Upchurch. In this role, Tidwell toured and performed live shows with Upchurch, co-wrote many of the compositions recorded and released by Upchurch, and performed on the recordings of those compositions.

During this time, Tidwell's creative efforts substantially contributed to to Upchurch's success. Despite this, and despite Upchurch's increasingly abusive conduct toward Tidwell, Tidwell nevertheless continued to perform and work with Upchurch. As a co-writer of the compositions, Tidwell is a joint author and co-owner of the Compositions and the Sound Recordings embodying the Compositions. However, Upchurch has exploited the compositions and sound recordings without paying Tidwell the royalties to which he is entitled and has failed to acknowledge Tidwell as a co-author and co-owner of the Compositions and Sound Recordings. For example, Tidwell is not accurately credited as an author and owner of the Compositions and Sound Recordings with the performance rights organizations (BMI, ASCAP, SESAC), nor are Tidwell's ownership interests in the Sound Recordings and Compositions reflected with the United States Copyright Office.

In late-2019, Upchurch and Tidwell ended their professional relationship, primarily due to the continued abuse and mistreatment of Tidwell by Upchurch. Tidwell, nevertheless, requested payment of his portion of royalties from the exploitation of the Compositions and Sound Recordings from Upchurch, who, in response, then, in a series of expletive-laden videos posted to Instagram, threatened to physically harm Tidwell if he pursued his claim for royalties.

As a result, Tidwell seeks a declaration from the Court that he is a joint author with respect to the Compositions and Sound Recordings, as well as for an accounting, imposition of a

2

Case 3:22-cv-00150   Document 1   Filed 03/01/22   Page 2 of 14 PageID #: 2

constructive trust, and asserts additional claims for breach of contract, unjust enrichment, and disgorgement of funds wrongfully withheld by Upchurch.

## PARTIES

1. Plaintiff Travis Tidwell is an individual who resides in Hickman County, Tennessee.

2. Tidwell is a musician, recording artist, songwriter, and professional guitarist.

3. Defendant Ryan Upchurch is an individual who resides in Cheatham County, Tennessee.

4. Defendant is a country music performer and rapper who performs professionally under his last name "Upchurch."

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Tidwell's claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and, with respect to the state law claims asserted herein, pursuant to the doctrines of pendent and supplemental jurisdiction, as they arise out of the facts identical to those which form the basis for the federal claims.

6. This Court has personal jurisdiction over Defendant because he is a resident of the state of Tennessee and has continued and systematic contacts with the state of Tennessee.

7. Venue for this action is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because Defendant resides in the State of Tennessee.

## FACTS

**I.  Tidwell and Upchurch Co-Authored the Compositions and Sound Recordings.**

8. Tidwell and Defendant co-wrote and recorded the musical compositions that were ultimately embodied on the following albums (the "Albums"): (a) *King of Dixie*, (b) *Supernatural*,

(c) *River Rat*, (d) *Creeker I*, (e) *Creeker II*, (f) *Parachute*, (g) *Everlasting Country* and (h) *The Oven*. The compositions contained on the Albums are referred to herein as the "Composition" and the recordings embodying those Compositions are referred to as the "Sound Recording." A table setting forth Mr. Tidwell's ownership interest in the Musical Compositions and Sound Recordings is attached hereto as <u>Exhibit A</u>.

9. Tidwell co-wrote each of the Compositions listed on Exhibit A.

10. Tidwell also performed on the Sound Recordings listed on Exhibit A.

11. For each of the Compositions, Upchurch wrote and performed the vocals, while Tidwell wrote and composed all instrumental parts—except for percussion, which was written and performed by Upchurch's producer, Thomas Toner—for these Compositions and provided his musical performances for the same instrumental portions of the recording embodied on the Sound Recordings embodying said Compositions.

12. There is no work-for-hire agreement, or any other written agreement with respect to the Compositions and Sound Recordings embodying the Compositions.

13. Thus, Tidwell is a joint author and co-owner of the Compositions and Sound Recording copyrights.

14. For a majority of the Compositions and Sound Recordings, Tidwell is entitled to a 1/3 ownership interest in each Compositions and Sound Recordings.

15. Some Compositions and Sound Recordings features lyrics written and performed by guest artists.

16. For the Compositions and Sound Recordings featuring a guest artist, Tidwell is entitled to a 1/4 ownership interest in each Compositions and Sound Recordings.

17. Tidwell's respective ownership interest in each of the Compositions and Sound Recordings are set forth on Exhibit A.

18. Upchurch has wrongly withheld royalties generated from these Compositions and Sound Recordings and denies Tidwell's ownership interest and has failed to account or otherwise compensate Tidwell for Upchurch's exploitation of the Compositions and Sound Recordings.

**II. Tidwell and Defendant Agreed to Share Authorship Credit on the Compositions.**

19. Tidwell and Defendant collaborated on the songwriting process, intending to share authorship credit for any and all musical Compositions created collaboratively and eventually embodied in the Sound Recordings listed above.

20. In late-2019, Upchurch and Tidwell ended their professional relationship.

21. As a result, Upchurch has failed to attribute authorship credit for the Compositions and Sound Recordings to Tidwell or pay him his share of royalties accordingly.

22. Upchurch has further failed to account or otherwise compensate Tidwell for the exploitation of his share of the Compositions and Sound Recordings.

23. Tidwell has been damaged by Upchurch's conduct, which was malicious, intentional, fraudulent, and reckless.

**III. Tidwell Is an Author and Owner of the Compositions and Sound Recordings.**

24. Tidwell and Upchurch collaborated on the songwriting process for the Compositions. Tidwell worked closely with co-writers to collaborate, build, and develop all Compositions and Sound Recordings. The percentages listed above and on Exhibit A reflect Tidwell's contributions to each Composition and Sound Recording.

25. Tidwell contributed his musical performances for the instrumental portions on the Sound Recordings with the intent of sharing authorship credit in the tracks. There was no agreement to the contrary.

26. Tidwell's creative contributions to the Compositions and Sound Recordings are original and rise to a level of independent copyrightability, and Tidwell is therefore a joint author of all Compositions and Sound Recordings.

27. Tidwell is not signed to any agreement which would affect, convey, or transfer his rights or interest in musical compositions or sound recordings, and therefore owns one hundred percent (100%) of his interests in and to the Compositions and Sound Recordings.

28. Tidwell has never executed a written transfer or assignment of his copyrights, nor has he executed a work for hire agreement granting or conceding his exclusive rights in the Compositions or Sound Recordings.

29. Despite the foregoing, Upchurch has not credited Tidwell as an author and owner of the Compositions and Sound Recordings listed on Exhibit A.

30. Despite this, Tidwell seeks credit as an author and owner of the Compositions and Sound Recordings on Exhibit A and has taken steps consistent with such, including registering some Compositions on Exhibit A with the Performance Rights Organizations (BMI, ASCAP, SESAC).

### IV. Tidwell Has Suffered Substantial Monetary and Non-Monetary Damages.

31. Tidwell has suffered substantial monetary damages as a result of Defendants' unlawful conduct, including, but not limited to, exclusion from participating in income derived from royalties, licensing, and other monies generated from the exploitation of the Compositions and Sound Recordings.

6

Case 3:22-cv-00150   Document 1   Filed 03/01/22   Page 6 of 14 PageID #: 6

32. Defendant has not credited Tidwell in label copy or digital service provider metadata for Tidwell's creative contributions to the Compositions and Sound Recordings, nor has Defendant recognized Tidwell as an owner and author of the Musical Compositions and Sound Recordings, resulting in Tidwell suffering substantial non-monetary damages to his reputation and career as an artist and songwriter.

33. Defendant has wrongfully withheld royalties owed to Tidwell and has been unjustly enriched by wrongfully denying Tidwell's co-authorship rights in the Musical Compositions and Sound Recordings by deliberately omitting Tidwell as a joint author.

34. Tidwell also seeks damages due to Upchurch's failure to properly account to and compensate Tidwell for his *pro rata* share of the proceeds from the exploitation of the Compositions and Sound Recordings.

## COUNT I
## DECLARATORY RELIEF
## COPYRIGHT AUTHORSHIP & OWNERSHIP IN MUSICAL COMPOSITIONS

35. Tidwell restates herein the allegations contained in Paragraphs 1-34 above.

36. A substantial controversy exists between Tidwell on the one hand and Defendant on the other, as to whether Tidwell is an author of the Musical Compositions.

37. A declaration by the Court would terminate the controversy between Tidwell and Defendant.

38. This Court has the power to declare the rights, status, and other legal relations between the parties pursuant to 28 U.S.C. § 2201, *et seq.*

39. Tidwell seeks a declaration that he is a joint author and qualified copyright claimant of the Musical Compositions. Tidwell also seeks a declaration that Tidwell owns one hundred

percent (100%) of his particular authorship interest in and to the Musical Compositions, which is indivisible.

## COUNT II
## DECLARATORY RELIEF
## COPYRIGHT AUTHORSHIP & OWNERSHIP IN SOUND RECORDINGS

40. Tidwell restates herein the allegations contained in Paragraphs 1-39 above.

41. A substantial controversy exists between Tidwell, on the one hand, and Defendant on the other, as to whether Tidwell is an author of the Sound Recordings.

42. A declaration by the Court would terminate the controversy between Tidwell and Defendant.

43. This Court has the power to declare the rights, status, and other legal relations between the parties pursuant to 28 U.S.C. § 2201, *et seq.*

44. Tidwell seeks a declaration that he is a joint author and qualified copyright claimant of the Sound Recordings. Tidwell also seeks a declaration that Tidwell owns one hundred percent (100%) of his particular authorship interest in and to the Sound Recordings, which is indivisible.

## COUNT III
## ACCOUNTING FOR THE MUSICAL COMPOSITIONS

45. Tidwell restates herein the allegations contained in Paragraphs 1-44 above.

46. Co-owners of a copyrighted work each have an undivided, independent right to use the work, subject to a duty to account for profits to the other co-owner(s).

47. As a co-owner of the Musical Compositions, Tidwell has a right to an accounting from Defendant of all profits obtained as a direct or indirect result of Defendant's exploitation of the Musical Compositions, and to payment of Tidwell's share of such profits.

48. Defendant has a duty to account for profits obtained, derived, or resulting from the exploitation of the Musical Compositions, including, but not limited to, any other person or entity

acting under a license, sublicense, lease and/or transfer of rights under the Musical Compositions issued formally or informally by Defendant.

49. This duty requires Defendant to disclose to Tidwell all income collected from such exploitation, and to pay Tidwell his share of the profits.

50. The precise nature and extent of Defendant's income attributable to the rights hereunder are unknown to Tidwell at the present time, and their profits cannot be determined without an accounting of their transactions relating to the exploitation of the Musical Compositions.

51. Moreover, upon information and belief, the accounts presented are of such complexity that adequate relief cannot be obtained at law, and an investigation of said Defendant's accounts are necessary in order to effect justice between the parties and establish the value of Tidwell's interests.

52. Tidwell seeks an order from this Court that Defendant render an accounting to Tidwell of the amounts owed, as well as a judgment against said Defendant, for a sum to be determined in the accounting, with prejudgment and post-judgment interest, as allowed by law.

## COUNT IV
## ACCOUNTING FOR THE SOUND RECORDINGS

53. Tidwell restates herein the allegations contained in Paragraphs 1-52 above.

54. Co-owners of a copyrighted work are akin to tenants-in-common, with each co-owner having an undivided, independent right to use the work, subject to a duty to account for profits to the other co-owner(s).

55. As a co-owner of the Sound Recordings, Tidwell has a right to an accounting from Defendant of any and all profits obtained as a direct or indirect result of Defendant's exploitation of the Sound Recordings, and to payment of Tidwell's share of such profits.

56. Defendant has a duty to account for profits obtained, derived, or resulting from the exploitation of the Sound Recordings, including, but not limited to, any other person or entity acting under a license, sublicense, lease and/or transfer of rights under the Sound Recordings issued formally or informally by Defendant.

57. This duty requires Defendant to disclose to Tidwell all income collected from such exploitation, and to pay Tidwell his share of the profits.

58. The precise nature and extent of Defendant's income attributable to the rights hereunder are unknown to Tidwell at the present time, and their profits cannot be determined without an accounting of their transactions relating to the exploitation of the Sound Recordings.

59. Moreover, upon information and belief, the accounts presented are of such complexity that adequate relief cannot be obtained at law, and an investigation of said Defendant's accounts are necessary in order to effect justice between the parties and establish the value of Tidwell's interests.

60. Tidwell seeks an order from this Court that Defendant render an accounting to Tidwell of the amounts owed, as well as a judgment against said Defendant, for a sum to be determined in the accounting, with prejudgment and post-judgment interest, as allowed by law.

## COUNT V
## DISGORGEMENT OF FUNDS

61. Tidwell restates herein the allegations contained in Paragraphs 1-60 above.

62. Defendant has collected monies from, among others, the sale, licensing, performance, reproduction, and distribution of the Musical Compositions and Sound Recordings as included in phonorecords and/or compact discs and any other compilations produced, manufactured, distributed, or sold and the use of such works in digital and/or synchronization formats, use in ad campaigns and any other use that contain such works.

63. Tidwell is entitled to, and requests, an order of this Court requiring Defendant to disgorge and account to Tidwell all monies received in relation directly or indirectly to the Musical Compositions and Sound Recordings as included in phonorecords and/or compact discs and any other compilations produced, manufactured, distributed, and/or sold that contain Tidwell's works, as well as a judgment against said Defendant, for a sum to be determined at trial, with prejudgment and post-judgment interest, as allowed by law.

## COUNT VI
## IMPOSITION OF A CONSTRUCTIVE TRUST

64. Tidwell restates herein the allegations contained in Paragraphs 1-63 above.

65. At all relevant times, Tidwell was and still is the rightful owner of his share in the copyrights to the Musical Compositions and Sound Recordings and was and still is entitled to possession of those assets.

66. Defendant has appropriated Tidwell's assets to which Defendant was not entitled and has diverted those assets to Defendant's own use and benefit.

67. By reason of the foregoing, Tidwell is entitled to, and requests, an order of this Court imposing a constructive trust over the assets, profits, and any other monies related to the exploitation of the Musical Compositions and Sound Recordings, which have been and are being wrongfully detained by Defendant.

## COUNT VII
## UNJUST ENRICHMENT

66. Tidwell restates herein the allegations contained in Paragraphs 1-65 above.

67. As set forth above, Tidwell has conferred a benefit upon Defendant by virtue of his contributions to the Musical Compositions and Sound Recordings. Defendant was aware of these

benefits, has clearly benefited from them, and continues to benefit from them, all to Tidwell's detriment.

68. Defendant has accepted and retained these benefits under circumstances that would make it unfair and unjust for him to continue to retain them without fair and just payment of their value to Tidwell.

69. Under the circumstances described herein, it would be inequitable for Defendant to retain such ill-gotten benefits without paying Tidwell the value of those benefits.

70. As a result of Defendant's foregoing failures to account to Tidwell for profits arising from the Musical Compositions and Sound Recordings, Defendant has received, directly or indirectly, funds to which he is not entitled, in amounts to be determined at trial, and has been unjustly enriched thereby.

71. Defendant is liable to pay and transfer said funds to Tidwell.

72. Tidwell is entitled to, and requests, judgment against Defendant for Tidwell's damages, together with pre-judgment and post-judgment interest, costs, imposition of a constructive trust, and other just and proper relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Travis Tidwell respectfully prays that the Court enter judgment against the Defendant as follows:

1. That the Court enter a Declaratory Judgment in favor of Tidwell, and against Defendant, decreeing as follows:

    a. That the Musical Compositions are "joint works" under 17 U.S.C. § 101;

    b. That the Sound Recordings are "joint works" under 17 U.S.C. § 101;

c. That Tidwell owns all of his respective rights, title, and interests to all Musical Compositions and Sound Recordings;

d. That Tidwell is a co-author of the Musical Compositions, and co-owner thereof, under 17 U.S.C. § 201(a);

e. That Tidwell is a co-author of the Sound Recordings, and co-owner thereof, under 17 U.S.C. § 201(a);

f. That Tidwell is a qualified copyright claimant with respect to the Musical Compositions, under 37 C.F.R. § 202.3(a)(3);

g. That Tidwell is a qualified copyright claimant with respect to the Sound Recordings, under 37 C.F.R. § 202.3(a)(3);

2. That the Court order Defendant to render an accounting to Tidwell of the amounts owed to him by virtue of their status as copyright co-owners;

3. That Judgment be entered against Defendant for a sum to be determined in the accounting, together with prejudgment and post-judgment interest, as provided by law;

4. That the Court order Defendant to disgorge any profits arising from the Musical Compositions and Sound Recordings which rightfully belong to Tidwell;

5. That a constructive trust be imposed on all of Defendant's income arising from or relating to the Musical Compositions and Sound Recordings, including, but not limited, income arising from the licensing or assignment of rights to the songs;

6. That Judgment be entered against Defendant for damages resulting from unjust enrichment, in an amount to be determined at trial, together with pre-judgment and post-judgment interest, and the costs of this action;

7. That the Court award Tidwell his costs and attorneys' fees pursuant to 17 U.S.C. § 505; and

8. That the Court award Tidwell punitive damages as a result of Defendant's conduct; and

9. That the Court provide Tidwell with such other and further relief as the Court deems just and equitable.

Dated: March 1, 2022

Respectfully submitted,

**SHACKELFORD, BOWEN MCKINLEY & NORTON, LLP**

/s Lauren Kilgore
Lauren Kilgore, TN Bar No. 30219
Jacob T. Clabo, TN Bar No. 36760
1 Music Circle South, Suite 300
Nashville, TN 37203
P: 615-329-4440
F: 615-329-4485
lkilgore@shackelford.law
jclabo@shackelford.law

*Counsel for Plaintiff Travis Tidwell*